UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| PATRICIA HARRIS, on behalf of herself and all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | No. 12 C 05461 |
| v. | ) ) ) | Judge Edmond E. Chang |
| TOTAL CARD, INC. and LIVINGSTON FINANCIAL, LLC, | ) ) ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Patricia Harris brought this putative class action complaint against Defendants Total Card, Inc. and Livingston Financial, LLC, alleging violations of the Fair Debt Collection Practices Act (FDCPA or the Act), 15 U.S.C. § 1692 *et seq.*[1] R. 1, Compl. Harris claims she, and those similarly situated to her, are entitled to statutory and actual damages under the FDCPA because Defendants impermissibly attempted to collect credit card debts that were so old that a contract claim based on them would be beyond the applicable statute of limitations. *Id.* Defendants move to dismiss the

---

[1] The Court has subject matter jurisdiction under 28 U.S.C. § 1331. Citation to the docket is "R." followed by the docket entry.

complaint for failure to state a claim. Fed. R. Civ. P. 12(b)(6); R. 27.[2] For the following reasons, Defendants' motion is denied.

## I.

In evaluating a motion to dismiss, the Court must accept as true the complaint's factual allegations and draw reasonable inferences in Harris's favor. *Ashcroft v. al-Kidd*, ⎯⎯ U.S. ⎯⎯, 131 S.Ct. 2074, 2079 (2011). This lawsuit arises from efforts by the two defendants, Livingston Financial and Total Card, to collect on an old credit card debt that Patricia Harris incurred some years before and on which she had not recently made any payments. Livingston is in the business of buying defaulted debts from the original creditors (and from others) at steep discounts (because of the difficulty of actually collecting the debts), and then attempting to collect on the debts by suing the debtors. R. 1, Compl. ¶¶ 12-14. Total Card does not itself acquire debts, but provides collection services to other companies, like Livingston, that are attempting to collect defaulted debts. *Id.* ¶ 7.

---

[2] Although Harris's complaint purports to raise a class action, Harris has not yet filed a motion for class certification. Rule 23(c) of the Federal Rules of Civil Procedure provides that the district court must address class certification "early" in the litigation and generally before addressing a motion directed at the merits. *See Bertrand v. Maram*, 495 F.3d 452, 455 (7th Cir. 2007). But there is no fixed requirement that the court must always defer a decision on a Rule 12(b)(6) motion until after the court addresses class certification. The Seventh Circuit has said that Rule 23's preference for deciding class certification early on is mostly for the defendant's protection, so defendants can "waive" it by moving for an earlier merits decision. *Wiesmueller v. Kosobucki*, 513 F.3d 784, 787 (7th Cir. 2008) (quoting *Cowen v. Bank United of Tex., FSB*, 70 F.3d 937, 941-42 (7th Cir. 1995). Defendants in this case have waived their right to seek early determination of class certification by filing a motion to dismiss, and the Court need not and does not address the claims of the putative class members at this time.

Around May 30, 2012, Total Card sent a letter (on Livingston's behalf) to Harris about an old credit card debt of Harris's, a debt which Livingston had acquired. *Id.* ¶¶ 19, 23. The age of the debt is not specifically alleged in the complaint, but Harris had not made any payments on it since 2004 and the debt was "charged off"—taken as a loss by the original creditor (Sears)—on July 23, 2005. *Id.* ¶ 22. Plaintiff alleges, without contradiction from Defendants, that the statute of limitations on a collections lawsuit had expired at the time the letter was sent. *Id.* ¶ 21.[3]

Harris asserts that the May 30 letter violated multiple provisions of the FDCPA. In a box in the top right corner of the letter, the letter lists the amount of the debt ($3,216.57) and the original creditor (Sears). R. 1, Pl.'s Exh. A. The letter does not list the date the debt was incurred, or the date of Harris's last payment. The body of the letter states in relevant part:

> **Our client has agreed to accept 12 monthly payments of $148 as a full and final settlement on this account!**
>
> We represent the above client, Livingston Financial LLC, who has purchased your account referenced above.
>
> We believe most people want to do the right thing and satisfy their past financial obligations. We also understand that times are tough and it can be difficult to pay the full amount owed. Because of this, we work directly with our

---

[3] Harris does not allege where the original debt was incurred nor does she specifically explain what State's statute of limitations should apply. The complaint alleges that the applicable statute of limitations in Illinois is five years, and in Indiana and Wisconsin is six years. Compl. ¶ 25. In its motion to dismiss, Defendants assume Illinois's five-year statute of limitations applies. R. 28, Defs.' Br. at 2. In any event, Defendants do not dispute, for purposes of this motion, that a suit on the debt would be outside Illinois's five-year limitations period, so the Court assumes Illinois's statute applies. *Wood v. Mid-Valley Inc.,* 942 F.2d 425, 427 (7th Cir. 1991) ("Courts do not worry about conflict of laws unless the parties disagree on which state's law applies.").

3

> clients to negotiate the best possible deal for you, to help you satisfy your account in an affordable manner. In this particular case, we were able to negotiate a fantastic offer and we hope you agree!
>
> **By taking advantage of this offer, you will save $1440.57 and have your account Settled in Full!**
>
> Settling the account would put an end to the calls and letters attempting to collect on this account. Keep in mind, our client is not obligated to renew or extend this offer.

*Id.* (bolded emphases in original). The letter then provides instructions on how Harris can "take advantage of this offer," and closes with Total Card's explaining that "[t]hirty days after we receive your final payment, we will send you written confirmation that you account has been settled in full and you will not be contacted by us again concerning this debt." *Id.* Nowhere does the letter explain that a lawsuit to collect on the debt would fall outside the statute of limitations.

Harris alleges that Defendants violated 15 U.S.C. §§ 1692e, 1692e(2), 1692e(5), 1692e(10), and 1692f by trying to collect Harris's old credit card debt without disclosing that a suit on the debt would be beyond the applicable statute of limitations. Compl. ¶ 32. Defendants now move to dismiss the complaint for failure to state a claim. R. 27.

## II.

Under Federal Rule of Civil Procedure 8(a)(2), a complaint generally need only include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This short and plain statement must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (quotation marks and citation omitted).

4

The Seventh Circuit has explained that this rule "reflects a liberal notice pleading regime, which is intended to 'focus litigation on the merits of a claim' rather than on technicalities that might keep plaintiffs out of court." *Brooks v. Ross,* 578 F.3d 574, 580 (7th Cir. 2009) (quoting *Swierkiewicz v. Sorema N.A.,* 534 U.S. 506, 514 (2002)).

"A motion under Rule 12(b)(6) challenges the sufficiency of the complaint to state a claim upon which relief may be granted." *Hallinan v. Fraternal Order of Police Chicago Lodge No. 7,* 570 F.3d 811, 820 (7th Cir. 2009). "[W]hen ruling on defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus,* 551 U.S. 89, 94 (2007) (citing *Twombly,* 550 U.S. at 555-56); *see also McGowan v. Hulick,* 612 F.3d 636, 638 (7th Cir. 2010). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Twombly,* 550 U.S. at 570). These allegations "must be enough to raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555. The allegations that are entitled to the assumption of truth are those that are factual, rather than mere legal conclusions. *Iqbal,* 556 U.S. at 678–79.

### III.

### A.

"Congress enacted the FDCPA in 1977, 91 Stat. 874, to eliminate abusive debt collection practices, to ensure that debt collectors who abstain from such practices are not competitively disadvantaged, and to promote consistent state action to protect consumers." *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, 559 U.S. 573,

5

577 (2010) (citation omitted). "The primary goal of the FDCPA is to protect consumers from abusive, deceptive, and unfair debt collection practices." *Bass v. Stolper, Koritzinsky, Brewster & Neider, S.C.*, 111 F.3d 1322, 1324 (7th Cir. 1997) (citation omitted); *see also Keele v. Wexler*, 149 F.3d 589, 594 (7th Cir. 1998) ("[T]he FDCPA is designed to protect consumers from the unscrupulous antics of debt collectors, irrespective of whether a valid debt actually exists." (citation omitted)). In her complaint, Harris alleges violations of two particular sections of the Act: 15 U.S.C. §§ 1692e and 1692f.

Section 1692e of the Act prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. The section goes on to provide a non-exhaustive list of the types of practices that are considered false, deceptive, or misleading, and Harris specifically alleges that Defendants' May 30 collection letter violated three of those, subsections (2), (5), and (10):

> § 1692e(2) prohibits debt collectors from falsely representing "the character, amount, or legal status of any debt."
>
> § 1692e(5) prohibits debt collectors from "threat[ening] to take any action that cannot legally be taken or that is not intended to be taken."
>
> § 1692e(10) prohibits, in relevant part, "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt."

*See* Compl. ¶ 33.

To determine whether a debt collector's conduct is "false, deceptive, or misleading" within the meaning of the statute or any of its subsections, the Court must

6

view the evidence from the standpoint of the "unsophisticated consumer." *Wahl v. Midland Credit Mgmt., Inc.*, 556 F.3d 643, 645 (7th Cir. 2009) (citations omitted). As the Seventh Circuit has explained:

> The 'unsophisticated consumer' isn't a dimwit. She may be uninformed, naive, and trusting, but she has rudimentary knowledge about the financial world and is capable of making basic logical deductions and inferences. If a statement would not mislead the unsophisticated consumer, it does not violate the FDCPA—even if it is false in some technical sense.

*Id.* at 645-46 (internal quotation marks and citations omitted). The Act also provides, in § 1692f, that "[a] debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f. The same "unsophisticated consumer" standard applies to evaluating claims under § 1692f. *McMillan v. Collection Prof'ls, Inc.*, 455 F.3d 754, 765 (7th Cir. 2006) (citation omitted).

**B.**

Defendants argue that the May 30 letter did not violate either section of the Act because, according to Defendants, the Act allows debt collectors to try collecting on a time-barred debt so long as there is no explicit or implicit threat of litigation. Defs. Br. at 3-4. It is true that the general consensus of courts in this District is that debt collectors may attempt to collect a debt that is valid but time-barred, so long as there is no express or implied threat of litigation. *See, e.g.*, *Rice v. Midland Credit Mgmt., Inc.*, 2013 WL 1174729, at *3 (Mar. 20, 2013); *Magee v. Portfolio Recovery Assocs., LLC*, 2013 WL 239100, at *3 (N.D. Ill. Jan. 17, 2013) (citations omitted); *Crawford v. Vision Fin. Corp.*, 2012 WL 5383280, at *2 (N.D. Ill. Nov. 1, 2012) (citations omitted); *Murray v. CCB Credit Servs., Inc.*, 2004 WL 2943656, at *2 (N.D. Ill. Dec. 15, 2004). The

7

rationale underlying this view is that, under Illinois law, the statute of limitations "merely fix[es] the time in which the remedy for a wrong may be sought, and do[es] not alter substantive rights." *Belleville Toyota, Inc. v. Toyota Motor Sales, U.S.A., Inc.*, 770 N.E.2d 177, 194 (Ill. 2002) (citations omitted) (reasoning that a statute of limitations is procedural for purposes of choice-of-law analysis). In other words, a statute of limitations may bar a specific remedy if raised as a defense, but it does not extinguish the indebtedness. *Walker v. Cash Flow Consultants*, 200 F.R.D. 613, 616 (N.D. Ill. 2001) (citation omitted). The federal appellate courts that have examined the issue have similarly concluded that "the FDCPA permits a debt collector to seek voluntary repayment of the time-barred debt so long as the debt collector does not initiate or threaten legal action in connection with its debt collection efforts." *Huertas v. Galaxy Asset Mgmt.*, 641 F.3d 28, 32-33 (3d Cir. 2011); *see also Freyermuth v. Credit Bureau Servs., Inc.*, 248 F.3d 767, 771 (8th Cir. 2001). The Seventh Circuit has a pending appeal that presents the question, and if the Seventh Circuit reaches the issue, then of course that decision will be controlling on this Court. Until then, this Court does agree with the weight of the authority in this District and Third and Eighth Circuits, at least insofar as they hold that simply seeking to collect a time-barred debt by, for example, sending a collection letter, does not automatically subject a debt collector to liability under the Act.

But when a debt is not legally enforceable because the statute of limitations has expired, the Act may limit what the debt collector can say and do in its attempts to collect the debt. For example, even though a statute of limitations defense can be

8

waived (and therefore a suit to collect on a time-barred debt is not necessarily doomed to fail), *Lease Partners Corp. v. R & J Pharmacies Inc.*, 768 N.E.2d 54, 59 (Ill. App. Ct. 2002) (citations omitted), courts have nevertheless held that the Act prohibits debt collectors from filing suit on time-barred debts, *Herkert v. MRC Receivables Corp.*, 655 F. Supp.2d 870, 875-76 (N.D. Ill. 2009) (collecting cases). That is because bringing or even threatening to bring a lawsuit "which the debt collector knows or should know is unavailable or unwinnable by reason of a legal bar such as the statute of limitations is the kind of abusive practice the FDCPA was intended to eliminate." *Ramirez v. Palisades Collection LLC*, 2008 WL 2512679, at *5 (N.D. Ill. June 23, 2008) (internal quotation mark and citation omitted).[4] Thus, while the FDCPA does not prohibit the sending of collection letters on time-barred debts as a general matter, courts in this District have held that the FDCPA may be violated where the collection letters imply there is a legally enforceable obligation to pay the debt. *See, e.g.*, *Magee*, 2013 WL 239100, at *5; *Crawford*, 2012 WL 5383280, at *4; *Rawson v. Source Receivables Mgmt., LLC,* 2012 WL 3835096, at *2 (N.D. Ill. Sept. 4, 2012); *McMahon v. LVNV Funding, LLC*, 2012 WL 3307011, at *3-4 (N.D. Ill. Aug. 13, 2012) (granting leave to amend complaint); *Walker v. Cash Flow Consultants, Inc.*, 200 F.R.D. 613, 616 (N.D. Ill. 2001). *But see Rice,* 2013 WL 1174729, at *7 (finding as a matter of law that "it is not misleading to truthfully state in a letter that a debt is owed and that paying it

---

[4]It also makes sense that a litigation threat in these circumstances counts as false or abusive because the debt collector almost surely would not actually expend the fees and costs to file a lawsuit on a time-barred debt, even if the FDCPA allowed such a suit.

9

would settle the debtor's account"); *Murray,* 2004 WL 2943656, at *2 (dismissing FDCPA claim where there was no allegation that defendant "threatened actual or future litigation" and "the dunning letter [was] silent as to actual or potential litigation").

Some courts in this District have drawn the line of permissible conduct at whether the collection letter threatens suit; if no suit is threatened, then the Act is not violated. *See Rice,* 2013 WL 1174729, at *7; *Walker*, 200 F.R.D. at 616. But there might be other ways (exemplified by this case, as explained below) that a collection letter on a time-barred debt could mislead an unsophisticated consumer to believe that a time-barred debt is legally enforceable. After all, "[t]he threat to take any action that cannot legally be taken" is just one example of the type of practice that is prohibited by the Act. 15 U.S.C. § 1692e(5). As the excerpted statutory provisions above show, the Act also broadly prohibits *any* means of collecting a debt that are false or deceptive, 15 U.S.C. § 1692e, or unfair or unconscionable, 15 U.S.C. § 1692f, even if a lawsuit is not threatened on an unenforceable debt. Take a comparable situation, that of a debt collector who demands immediate payment on a debt, even though the debtor is in bankruptcy proceedings and thus the automatic stay is in place. *See Randolph v. IMBS, Inc.*, 368 F.3d 726, 728 (7th Cir. 2004). In that situation, the Seventh Circuit held that "[a] demand for immediate payment while a debtor is in bankruptcy . . . is 'false' in the sense that it asserts that money is due, although, because of the automatic stay . . . it is not." *Id.* Like a statute of limitations, the automatic stay does not extinguish the debt. Yet even without a threat of a lawsuit, a demand for payment can

be a "false" representation in violation of the Act, because the debtor need only assert the automatic stay to torpedo the lawsuit (at least temporarily, until the stay is lifted). Just so with a limitations defense, which indeed provides a complete defense to a contract claim, not just a temporary one.

So even if the collection letter in this case does not threaten litigation, the complaint can still state a claim if it creates the impression that the debt is legally enforceable, or is otherwise false or deceptive, or unfair or unconscionable. It is important to keep in mind the standard that applies to Harris's claims at this stage. "[T]he question of whether an unsophisticated consumer would find certain debt collection language misleading [i]s a question of fact." *Lox v. CDA, Ltd.*, 689 F.3d 818, 822 (7th Cir. 2012) (citation omitted); *see also McMillan*, 455 F.3d at 765 (applying the same standard to a § 1692f claim). "Because confusion is a fact-based question, dismissal is typically not available under 12(b)(6), which is appropriate only when there is no set of facts consistent with the pleadings under which the plaintiff could obtain relief." *McMillan*, 455 F.3d at 758 (citation omitted). The Court must therefore "tread carefully before holding that a letter is not confusing as a matter of law when ruling on a Rule 12(b)(6) motion because district judges are not good proxies for the unsophisticated consumer whose interest the [Act] protects." *Id.* at 759 (internal quotation marks and citation omitted).

The Court concludes that although the May 30 letter does not explicitly or implicitly threaten litigation, it could still be interpreted by an unsophisticated consumer to be false and deceptive, or to amount to an unfair or unconscionable way

11

to collect on the debt. The letter explains that Total Card was "able to negotiate a fantastic offer," which the letter refers to as a "a full and final settlement" of the money owed. Pl.'s Exh. A. The letter also describes the debt as a "past financial obligation[]." *Id*. Total Card's suggestion that it "negotiate[d]" a "settlement" with Livingston of Harris's "financial obligation[]" could create the impression in an unsophisticated consumer that he or she has a legal obligation to pay the debt, and can "settle" (in the legal sense) the "obligation" for less than the full value of the debt. And it is important too that the letter also misleadingly suggests that Total Card is advocating on Harris's behalf: the letter touted that Total Card "work[ed] directly with our clients to negotiate the best possible deal for you," and urged Harris to "tak[e] advantage of this offer." Really, the "best possible deal" for Harris would be to pay zero dollars because the statute of limitations would be a complete defense to any collection suit. In short, Harris is entitled to the opportunity to develop evidence in discovery that the May 30 letter would cause an unsophisticated consumer to believe that a debt is legally enforceable and that Total Card was at least in part looking out for the debtor's interests.

It is true that the letter in this case is less obviously misleading than other cases brought in this District where collection letters on time-barred debts offered "full resolution of this debt" and noted that the debtor would be "released from any further financial liability," *Crawford*, 2012 WL 5383280, at *1, or ominously informed the debtor that paying the debt would allow the debtor to "avoid further collection efforts," *Rawson*, 2012 WL 3835096, at *1. The letter sent to Harris did not refer, even

12

obliquely, to the possibility of a future lawsuit, noting only that "[s]ettling the account would put an end to the *calls and letters* attempting to collect on this account." Pl.'s Exh. A (emphasis added). But similar language in collection letters in other cases in this District has been held to be sufficient to state a claim under the FDCPA at the pleadings stage where the debt was time-barred. *See Magee*, 2013 WL 239100, at *1, *5 (denying a motion to dismiss where letter sought "payments to settle this account" and noted that the account would be "considered 'Settled in Full' after we post your final payment"); *see also McMahon*, 2012 WL 3307011, at *1, *3-4 (allowing the plaintiff to amend his complaint "on the theory that it is misleading for a debt collector to send a dunning letter offering a 'settlement' that represents a 'savings . . . off your balance'" (alteration in original)). As *McMahon* observed, "[w]hether a settlement offer in a dunning letter is deceptive is a fact-intensive question that is generally not resolvable at the pleadings stage of a lawsuit." 2012 WL 3307011, at *3 (citing *DeKoven v. Plaza Assocs.*, 599 F.3d 578, 580 (7th Cir. 2010); *Evory v. RJM Acquisitions Funding, LLC*, 505 F.3d 769, 775-76 (7th Cir. 2007)). For the same reasons, Harris's complaint must survive the pleading stage, even though this conclusion might be inconsistent with that reached by the district court in *Rice*, 2013 WL 1174729. The collection letter in *Rice* offered the plaintiff a way to "resolve this obligation with a plan that fits your particular situation" and an opportunity to "settle your account" by making monthly payments at a discount on the full amount of the debt. *Id.* at *1. The debt was barred by the statute of limitations. *See id. Rice* acknowledged that "[t]he offer of a settlement implies a colorable obligation to pay," *id.* at *2, but held that the letter could not be the

13

basis for an FDCPA claim because it did not even implicitly threaten litigation. *Id.* at *8. *Rice* explained that "it is not misleading to truthfully state in a letter that a debt is owed and that paying it would settle the debtor's account." *Id.* Although that conclusion might be borne out by evidence in the form of consumer surveys, or other discovery, in light of the discovery-permissive lens through which the dismissal motion must be viewed, Harris's argument that the letter's offer of a "settlement" on a time-barred debt "is the false representation of 'the character, amount, or legal status of [the] debt," R. 33, Pl.'s Resp. at 6, is not so "bizarre or idiosyncratic" that dismissal at the pleadings stage is warranted. *Pettit v. Retrieval Masters Creditors Bureau, Inc.*, 211 F.3d 1057, 1060 (7th Cir. 2000) (citations omitted).[5]

### C.

Turning to the final liability theory, Harris also argues that *any* effort to collect on a time-barred debt—without disclosing that the debt is time-barred—is a violation of the Act. *See* Compl. ¶ 32; Pl.'s Resp. at 7-19. To support this claim, Harris relies mainly on a number of consent decrees entered into by debt collectors and government agencies (the Federal Trade Commission and the Consumer Financial Protection Bureau). The decrees require that, if the debt collectors are pursuing time-barred debts, the collectors must disclose to debtors that the debts are time-barred. *See* Pl.'s

---

[5]Another case cited by Defendants is distinguishable because the letter in that case, *Walker*, contained no statements comparable to those that appear in Defendants' letter in this case. *See* 200 F.R.D. 613, 614. The letter there simply notified the plaintiff that his outstanding debt "has been listed with our office for collection." *Id.* The letter contained no offer of a "settlement." Therefore, *Walker* was not confronted with the question of whether a letter like the one in this case can state a claim under 15 U.S.C. §§ 1692e and/or 1692f.

Resp. at 7-13; R. 33-1-3, Pl.'s app. C, F-H (Consent Decrees). Harris argues that the Court should give the decrees *Chevron* deference, or at the very least *Skidmore* deference. *Chevron U.S.A., Inc. v. Natural Res. Def. Council, Inc.*, 467 U.S. 837 (1984); *Skidmore v. Swift & Co.*, 323 U.S. 134 (1944). At least four courts in this District have held that the consent decrees should be afforded no deference, and this Court agrees. *See Rice*, 2013 WL 1174729, at *4; *Crawford*, 2012 WL 5383280, at *2 n.1; *Magee*, 2012 WL 3560996, at *4; *McMahon*, 2012 WL 2597933, at *2-4. Harris cites no authority to establish that Congress gave the FTC or the CFPB rulemaking power under the FDCPA through the filing and settling of lawsuits against debt collectors. *See Vulcan Constr. Materials, L.P. v. Fed. Mine Safety & Health Review Comm'n*, 700 F.3d 297, 315 (7th Cir. 2012) ("[T]he lynchpins of *Chevron* deference are whether there is a Congressional delegation of authority and whether the promulgation is made pursuant to that delegation." (citation omitted)). Therefore, *Chevron* deference would not be appropriate.

It is a closer question whether the Court should afford *Skidmore* deference to the position taken by the agencies in litigation, but the Court ultimately agrees with the conclusion of the other courts in this District that even *Skidmore* deference is not warranted. "Under *Skidmore*, a court will respect an agency's interpretation of the statute it administers, but only to the extent that the agency's interpretation possesses the power to persuade." *Vulcan Constr. Materials, L.P.*, 700 F.3d at 316 (internal quotation marks and citations omitted). Harris has not presented sufficient information about the FTC's explanation of or rationale behind its position in the cases

that merits deference. For the reasons explained in *Rice*, 2013 WL 1174729, at *5-6, neither the complaints filed by the regulating agencies nor the consent decrees in those cases provide "persuasive content for the Court to show such [*Skidmore*] deference."[6]

In a supplemental filing, Harris also offers an FTC report on the debt collection industry. *See* R. 47, Pl.'s Mot. Judicial Notice, app. A. In that report, in a section entitled "Disclosures Regarding Time-Barred Debt," the FTC notes:

> When collectors attempt to recover on debts, in many circumstances, such efforts may convey or imply to consumers that the collectors could sue them if they do not pay. *If the debts are time-barred, this message would be false or misleading, because the collectors in fact cannot legally file an action against them if they do not pay.* Information about the consequences of not paying debts being collected appears to be important to consumers in deciding whether to pay debts and in what order to pay debts.

*Id.* at 46-47 (emphasis added). The report also cites to a 2010 study, which found that "attempts to collect on stale debt in many circumstances may create a misleading impression that the consumer could be sued." *Id.* at 47. But Harris fails to explain whether the Commission has adopted the views stated in the report. For example, did the Commissioners vote on the report? Without further information evidencing that this report, and its specific contents, truly reflects the agency's interpretation of the Act, no deference is due.[7]

---

[6]More recently, Harris filed, on this case's docket, a copy of the FTC's amicus brief in a pending Seventh Circuit appeal, R. 65, but Harris did not explain (and did not seek leave to explain) how the FTC's arguments in that appeal apply specifically to the collection letter in this case.

[7]The underlying facts contained in the 2010 study might be relevant during discovery and at the summary judgment or trial stage.

16

But even setting aside the FTC materials, the question remains whether the failure to disclose the time-barred status of a debt may, in and of itself, be a violation of the Act. At this stage of the litigation, the claim should move forward into discovery. Defendants argue that a rule that the Act requires disclosure of the time-barred status would effectively require debt collectors to disclose "legal advice" or a "legal opinion." Defs.' Br. at 7, 10. But stating "legal advice" or a "legal opinion" also could just as well describe what collectors are telling debtors when collectors state that the debtors have a legal obligation to pay the debt. And debt collectors would not necessarily be required to explain all of the ins-and-outs of the applicable statute of limitations in order to avoid a finding of falsity or deception. It might be enough for Defendants simply to include in the letter the date that the debt was incurred and when payments became late (details that are missing from the May 30), coupled with a statement as to the length of the governing limitations period.

Nor is it dispositive that the disclosure provisions of the Act lack a requirement that a debt collector include information about the origination date of the debt, the default date on the debt, or the status of its legal enforceability. *See* 15 U.S.C. §§ 1692e(11), 1692g. The statutory text does not purport to set forth all of the required information to the *exclusion* of requiring other information, depending on the circumstances. In other words, the disclosures in §§ 1692e(11) and 1692g must be included with *every* attempt to collect on a debt, but there is no reason to believe that Congress intended to cover every possible disclosure that might be required of a debt collector in a particular case. "Although Congress did not make debt collectors

17

responsible for educating consumers about every relevant portion of the act, this does not mean that there are no situations in which a debt collector must disclose more than required by §§ 1692e(11) and 1692g(a)." *Borcherding-Dittloff v. Transworld Sys., Inc.*, 58 F. Supp.2d 1006, 1011 (W.D. Wis. 1999) (requiring additional disclosures where debt collector used a single letter for debtors in multiple states).

For example, the Seventh Circuit has held that the Act requires a collection letter to disclose to the consumer when the "principal obligation" listed in a collection letter includes attorneys' fees. *Fields v. Wilber Law Firm, P.C.*, 383 F.3d 562, 565-66 (7th Cir. 2004). As *Fields* explained:

> By leaving the door open for th[e] assumption to be made [that the balance represented the original debt], Wilber's letter was misleading because it gave a false impression of the character of the debt. It is unfair to consumers under the FDCPA to hide the true character of the debt, thereby impairing their ability to knowledgeably assess the validity of the debt.

*Id.* at 566. So too here: if Defendants' failure to disclose that the debt was time-barred would mislead an unsophisticated consumer about the character or legal status of the debt, then disclosure may be required. As with Harris's claim based on the specific language of the May 30 letter, she is entitled to try to develop evidence in discovery that a failure to disclose the age or legal status of a time-barred debt would mislead an unsophisticated consumer.

**IV.**

Defendants' motion to dismiss [R. 27] is denied. At the upcoming status hearing, the parties should be prepared to address the case schedule moving forward.

ENTERED:

s/Edmond E. Chang
Honorable Edmond E. Chang
United States District Judge

DATE: September 16, 2013